UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CURTIS LEVON BUTLER, JR.,

        Plaintiff,

v.                                      Case No. 3:23-cv-575-BJD-PDB

LAEVA FELINA FRANCIS, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Curtis Levon Butler, Jr., an inmate of the Florida penal system, initiated this case by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983. Doc. 1. He moves to proceed in forma pauperis. Doc. 2. He names ten Defendants. Doc. 1-5. Four Defendants are employees of the Office of the State Attorney, Third Judicial Circuit – Assistant State Attorney Amanda Radloff, Victim/Witness Advocate Fabray Williams, Assistant State Attorney Mellissa Blackwell, and State Attorney John Durrett. Id. at 2-5. Five Defendants are employees of the Live Oak Police Department – Officer Brandie Harden, Captain Jason Rountree, Detective Jermie Cheshire, Sergant N. Gutshall, and Sergeant Ms. Chauncy. Id. at 2-4. Plaintiff also names civilian Laeva Felina Francis as a Defendant. Id. at 2.

Plaintiff alleges that on February 22, 2022, officers from the Orange County Sheriff's Office illegally arrested him under a Suwannee County, Florida, arrest warrant for shooting in an occupied dwelling. Doc. 1 at 7 (citing State v. Butler, No. 22-73-CF). According to Plaintiff, the Suwannee County Sheriff's Office, in the city of Live Oak, Florida, issued the arrest warrant because Defendant Laeva Francis reported false accusations that Plaintiff used a firearm to shoot out all the windows of her home. Id. at 9. Plaintiff argues that Francis made the false report the day after the shooting allegedly happened and gave officers a copy of her home surveillance video, but the video "showed nothing [ ] being shot." Id. Despite a lack of physical evidence, Plaintiff asserts Defendants Rountree, Harden, Chauncy, Chesire, and Gutshall allowed Francis to file the false police report upon which they relied to obtain an arrest warrant. Id.

Plaintiff contends that at the time of the shooting, he was on probation and living in Orlando, Florida. Id. at 10. He seems to argue that on the day the alleged shooting occurred, February 20, 2022, Defendants Francis and Harden contacted Plaintiff's probation officer and falsely reported that Plaintiff was seen in Live Oak. Id. He argues that Mr. Aguillera, an Orlando probation officer, then contacted Plaintiff at the request of a Live Oak probation officer, and asked Plaintiff to disclose his location and take a picture of himself. Id. at 10. Plaintiff asserts the picture he took shows he was in Orlando on February

20, 2022, at 8:33 a.m. Id. He claims that at 9:20 a.m., forty-five minutes after Plaintiff took the picture, the alleged shooting occurred in Live Oak. Id. He argues that it is impossible to travel to Live Oak from Orlando in forty-five minutes, and thus the photo proves Francis made a false report, but officers failed to conduct a proper investigation and never obtained a copy of the photo before using the false information to obtain the arrest warrant. According to Plaintiff, after his February 22, 2022, arrest, the state did not file an information charging him with the shooting, but the state charged him with violating his probation. Id. He asserts that during the violation of probation hearing, Defendants Radloff, Williams, Blackwell, and Durett "coached" Defendants Francis and Harden into providing false testimony about Plaintiff's alleged participation in the shooting. Id. at 11. And because of Defendants' actions, Plaintiff was erroneously found guilty of violating his probation. Id. As relief, he seeks monetary damages. Id. at 8.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard

in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x

982, 982 (11th Cir. 2017)[1] (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

Plaintiff alleges that he is raising a claim of "illegal arrest." Doc. 1 at 3. "Under Eleventh Circuit precedent, [however,] the issuance of a warrant constitutes legal process, and so a plaintiff who claims false arrest pursuant to a warrant is making a claim of malicious prosecution rather than false arrest." Giles v. Manser, 757 F. App'x 891, 895 (11th Cir. 2018). Thus, because Plaintiff was arrested pursuant to a warrant, his claim is one of malicious prosecution.

To establish a § 1983 malicious prosecution claim, Plaintiff must prove the elements of the common law tort of malicious prosecution and a violation of his Fourth Amendment right to be free from unreasonable seizures. Grider

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

5

v. City of Auburn, 618 F.3d 1240, 1256 (11th Cir. 2010). The elements of malicious prosecution are: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." Wood v. Kesler, 323 F.3d 872, 882 (11th Cir. 2003); see also Williams v. Aguirre, 965 F.3d 1147, 1165 (11th Cir. 2020).

Here, Plaintiff fails to state a claim for malicious prosecution. First, the Eleventh Circuit has suggested that probation-violation proceedings are not "criminal prosecutions" for purposes of a § 1983 malicious prosecution claim. See Smith v. Mitchell, 856 F. App'x 248, 250 (11th Cir. 2021) ("While we have not specifically addressed whether a probation violation is a 'criminal prosecution' for purposes of a § 1983 claim for malicious prosecution, we have held in the context of the Double Jeopardy Clause that probation-revocation proceedings are not 'essentially criminal' because, rather than punishing a criminal defendant for violating a criminal law, they are designed to determine whether an individual has violated the terms of his probation."); see also United States v. Dennis, 26 F.4th 922, 927 (11th Cir. 2022) ("[B]ecause the revocation of probation is not a stage of a criminal prosecution, the full panoply of rights due a defendant in criminal prosecutions does not apply to . . . revocations of probation.") (internal quotations and citations omitted)); Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (holding that while probation revocation

"does result in a loss of liberty," it, "like parole revocation, is not a stage of a criminal prosecution"); Turner v. Floyd Med. Ctr., No. 4:20-cv-201-MLB, 2022 WL 1443390, at *3 (N.D. Ga May 6, 2022) (finding probation revocation proceeding was not a stage of his criminal prosecution and cannot establish a malicious prosecution claim).

Second, even if his probation-violation proceeding qualified as a "criminal prosecution" for purposes of his claim, Plaintiff fails to allege that his state criminal case and the related probation-violation proceeding terminated in his favor. Plaintiff alleges that Orlando officers arrested him on February 22, 2022, under a Suwannee County arrest warrant. A review of the Suwannee County Sheriff's Office website shows that Suwannee County officials took custody of Plaintiff and booked him into the Suwannee County Jail on February 28, 2022.[2] See Suwannee County Sheriff's Office, Suwannee County Inmate Search, available at www.smartcop.suwanneesheriff.com (last visited June 5, 2023). According to the website, Suwannee County officers booked Plaintiff on that date because he was arrested for four offenses – shooting into or throwing deadly missiles into dwelling under § 790.19, Florida Statutes (arresting officer R. Kinsey); violation of probation under § 948.06, Florida

---

[2] The Court takes judicial notice of information on the Suwannee County Sheriff's Office website and the FDOC's website.

7

Statutes (arresting officer K. Murray); criminal mischief under § 806.13(1)(a)(b)1, Florida Statutes (arresting officer A. Young); and violating protective injunction under § 784.047, Florida Statutes. Id. According to the Florida Department of Corrections' website, the FDOC took custody of Plaintiff on March 7, 2023, and he is currently serving a ten-year term of incarceration. See Florida Department of Corrections, Offender Information Search, available at www.dc.state.fl.us (last visited June 5, 2023). While Plaintiff asserts that the state did not file an information specifically charging him with the offense for which he was arrested, he indicates the cause of his arrest (his alleged participation in the shooting) supported his probation revocation and current incarceration. As such, Plaintiff fails to allege that the proceedings terminated in his favor, and thus he fails to state a plausible claim for malicious prosecution.

Finally, as a civilian, Defendant Francis is not a state actor subject to liability under § 1983. And insofar as Plaintiff seeks money damages against Defendants Radloff, Blackwell, and Durrett for their actions in prosecuting Plaintiff's state court case or probation-revocation proceeding, those claims are also due to be dismissed. Prosecutors are "entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (citing

8

Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999); Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir. 1984)). For these reasons, this case is dismissed without prejudice.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of June, 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-7

C:   Curtis Butler, #X09866